# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

William Woodson,
**Petitioner Below, Petitioner**

**FILED**

April 13, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

vs)  No. 13-0895 (Kanawha County 11-MISC-298)

Patrick Mirandy, Warden,
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner William Woodson, by counsel L. Thompson Price, appeals the Circuit Court of Kanawha County's July 29, 2013, order that denied his second amended petition for writ of habeas corpus. Respondent Patrick Mirandy, Warden, by counsel Laura Young, filed a response and a supplemental appendix. Petitioner filed a reply and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying his second amended petition for writ of habeas corpus because he received ineffective assistance of habeas counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2005, a Kanawha County jury convicted petitioner of one count of robbery in the first degree and one count of malicious wounding. The following month, the circuit court sentenced petitioner to a term of incarceration of thirty-five years for one count of robbery in the first degree in violation of West Virginia Code § 61-2-12 and a consecutive term of incarceration of two to ten years for one count of malicious wounding in violation of West Virginia Code § 61-2-9. Several years later, the circuit court resentenced for the purpose of filing a direct appeal.

In June of 2007, petitioner filed a direct appeal with this Court. By order entered November 6, 2008, this Court affirmed petitioner's conviction on direct appeal. *See State v. Woodson*, 222 W.Va. 607, 671 S.E.2d 438 (2008) (per curiam). This Court rejected on the merits petitioner's plain error allegations involving admission of evidence pursuant to West Virginia Rules of Evidence 404(b), admission of evidence that the defendant acted with a racially biased motive, admission of hearsay, failure to disclose potentially exculpatory evidence, sufficiency of the evidence, and disproportionate sentencing. This Court specifically declined to address petitioner's ineffective assistance claim, preserving it for a subsequent habeas.

1

In February of 2009, petitioner, *pro se*, filed his first petition for writ of habeas corpus. Thereafter, petitioner's appointed counsel filed an amended petition for writ of habeas corpus alleging ineffective assistance of trial counsel, disproportionate sentence, and that the indictment was defective. The State filed a response. After holding an omnibus evidentiary hearing, the circuit court denied petitioner post-conviction habeas relief. Petitioner filed a petition for appeal with this Court, which was refused by order on November 18, 2010.

In June of 2011, petitioner, pro se, filed a second petition for writ of habeas corpus alleging ineffective assistance of habeas counsel. The circuit court appointed petitioner counsel who filed an amended petition. Specifically, petitioner argued that his prior habeas counsel failed to appropriately communicate with him during the first habeas proceeding. Petitioner also argued that prior habeas counsel failed to consult and/or present arguments during the first habeas proceeding. After holding an omnibus evidentiary hearing, the circuit court denied petitioner's second petition for post-conviction habeas relief. The circuit court found that petitioner "failed to adequately identify any acts or omissions of counsel that rose to the level of ineffective counsel." Petitioner now appeals to this Court.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's claim of ineffective assistance of habeas counsel.

On appeal, petitioner argues that the circuit court's factual findings related to his prior habeas counsel's failure to present certain arguments are clearly erroneous. Specifically, petitioner contends that his prior habeas counsel was ineffective because he failed to communicate and present arguments on his behalf. We have previously held that

> "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013). In the habeas proceeding below, petitioner was denied relief, in part, because he "failed to adequately identify any acts or omissions of counsel that rose to the level of ineffective counsel."

2

In discussing claims of ineffective assistance of counsel, we have held that "'[o]ne who charges on appeal that his . . . counsel was ineffective . . . must prove the allegation by a preponderance of the evidence.' Syllabus Point 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 4, *State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010). As noted above, petitioner provided no evidence to corroborate his own testimony. In fact, petitioner's own testimony during the underlying habeas proceeding is contrary to his argument on appeal. Petitioner testified that his prior habeas counsel presented the circuit court with additional issues related to a defective indictment and double jeopardy. Further, prior habeas counsel testified that he "raised every issue that [petitioner] wanted to be brought forth before the [circuit court]," including issues that he believed did not have merit and that he corresponded with petitioner several times. Importantly, the circuit court reviewed the prior omnibus evidentiary hearing transcript which corroborated counsel's testimony. We have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). For these reasons, we find that petitioner failed to satisfy his burden of proof in regard to his claim of ineffective assistance of habeas counsel.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II